```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/23/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUISE REID, Individually and on Behalf of
All Other Persons Similarly Situated,

-v-

A-PLUS CARE HHC INC., SOFIA
BAKALINSKY, FREDERICK
BAKALINSKY,
SPIROS BOTOS, and JOHN DOES #1-10,

Defendants.

Case No.: 23 Civ. 01163 (JPC)(SDA)

## AGREED CONFIDENTIALITY ORDER

By this Agreed Confidentiality Order, Plaintiff Louise Reid and Defendants A-Plus Care HHC Inc., Sofia Bakalinsky, Frederick Bakalinsky, Spiros Botos, and John Does #1-10 ("A Plus Care Defendants") (collectively, the "Parties") have requested the Court to enter into a Confidentiality Order to preserve the confidentiality of the Confidential Information as described in the Confidentiality Agreement. The Parties desire to limit the use and disclosure of such information exchanged in discovery by the terms and conditions contained in their Confidentiality Agreement, attached hereto as Exhibit A.

By the signatures of their counsel of record on the Confidentiality Agreement, the Parties agree, and upon execution by the Court, the Court finds that the Order should be GRANTED.

ACCORDINGLY, the Court hereby ORDERS the parties to conform with the Confidentiality Agreement attached hereto as Exhibit A.

It is further Ordered that, to the extent that the parties seek to file any document under seal pursuant to paragraph 6 of the Confidentiality Agreement, they shall comply with the Individual Practices of Judge Cronan and/or Judge Aaron as appropriate.

IT IS SO ORDERED, this the __23rd__ day of August 2023.

_____
Stewart D. Aaron
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUISE REID, Individually and on behalf of All Other Persons Similarly Situated<br><br>                                            Plaintiff,<br><br>v.<br><br>A-PLUS CARE HHC INC., SOFIA BAKALINSKY, FREDERICK BAKALINSKY, SPIROS BOTOS, and JOHN DOES #1-10<br><br>                                            Defendants. | Case No.: 23-cv-01163(JPC)(SDA) |

## CONFIDENTIALITY AGREEMENT

1.  Introduction   This Agreement is entered into by and between Plaintiff Louise Reid and Defendants A-Plus Care HHC Inc., Sofia Bakalinsky, Frederick Bakalinsky, Spiros Botos, and John Does #1-10 ("A-Plus Care Defendants"). Plaintiff and A-Plus Care Defendants are sometimes referred to individually as the "Party" and collectively as "the Parties." Discovery herein may involve the production of certain information and documents that contain non-public personal information, including personally identifiable information relating to A-Plus Care's home care clients, as well as information relating to confidential or sensitive business matters, trade secrets, or other proprietary or financial information. Thus, the Parties desire to limit the use and disclosure of certain information exchanged in discovery by the terms and conditions contained in this Confidentiality Agreement.

2.  Definitions.   As used herein, "Confidential Information" shall refer to all documents, materials, or testimony, as more particularly described in paragraph 3 below, which is designated as "Confidential" by a Party.

(a).   In the case of documents and the information contained therein, the "Confidential" designation shall be made by stamping "Confidential" on a document, printing "Confidential" on a document, affixing a "Confidential" label or other notice on the Confidential Information, including "Conf" in the Bates number of a document, i.e. "D-Conf-0001" or P-Conf-0001," or making such designations by referring to Bates numbers in correspondence among the Parties' counsel. In the cases of documents or other materials not susceptible to stamping or marking, such as electronically stored information ("ESI") or microfilm, counsel producing the document or other material will, in some other manner, clearly designate the document or other material to be treated as confidential prior to delivery to other counsel.

(b).   In the case of interrogatory answers and the information contained therein, the "Confidential" designation shall be made by means of a statement at the conclusion of such answers specifying the answers or parts thereof deemed confidential and by placing the legend "Confidential" on each answer designated as such.

(c).   In the case of depositions and the information contained therein, including exhibits, the designation as "Confidential" shall be made by a statement to such effect on the record during the course of the deposition identifying the portion of the testimony and any exhibits deemed confidential or by a written statement to such effect made within sixty (60) days after receipt of the transcript of the deposition. The transcript of any such deposition shall

     bear the legend "Confidential" on all pages containing testimony deemed confidential.

 (d). Any "Confidential" designation that is inadvertently omitted may be corrected by written notification to opposing counsel.

Confidential Information is protected from use and disclosure under the terms and conditions below.

 3. Scope of Designation.

Confidential Information is defined as sensitive personnel information regarding employees of A-Plus Care such as social security numbers, protected health information, and other sensitive personal and private information traditionally treated as such by the courts. "Confidential Information" also includes information regarding A-Plus Care's patients, including patient names, addresses, and contact information, patient lists, sources of patient referrals, and sensitive personnel information regarding patients of A-Plus Home Care such as social security numbers, care plans, duties performed by employees pursuant to care plans, and other protected health information, as well as other sensitive personal and private information traditionally treated as such by the courts.[1] "Confidential Information" does not include *inter alia* non-personal and non-private information such as employee names, information concerning whether persons were employed by A-Plus Care including job titles and dates of employment, and information regarding whether persons are participants in this lawsuit and/or potential class members. "Confidential Information" also does not include any information that is in the public domain at the time of

---

[1] A-Plus Care is aware that a need may arise to produce documents that identify patients by name and/or contain contact information including patient addresses which contact information A-Plus Care does not wish to be revealed to competitors. Also, documents that identify patient's addresses may also contain protected health information of patients, in which case those documents should be kept confidential to protect the privacy of patients.

disclosure or thereafter comes into the public domain; any Documents or Material that do not contain Confidential Information or Confidential Material; or any information which is disclosed to any Party in good faith by a third party not affiliated with or employed by any Party, who has the legal right to make such disclosure.

    (a)    "<u>Document</u>." When used in this Agreement, the term "document" means all writings, drawings, graphs, charts, spreadsheets, recordings, computer disks and tapes, electronically stored information, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    (b)    "<u>Material</u>." When used in this Agreement, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, and any other information produced, given, or filed in this action.

    (c)    "<u>Confidential Material</u>." When used in this Order, the term "Confidential Material" shall have the same meaning as "Confidential Information," and vice versa.

4.    <u>Disclosure of Confidential Information</u>. Confidential Information may be disclosed only to:

    a.    Counsel for the respective Parties and their partners, associates, office managers, clerks, paralegals, legal assistants, secretaries, and other staff personnel having a need to know such information or have access to such Confidential Information to perform their duties;

    b.    The Parties;

    c.    Material fact witnesses;

d. Consultants, ESI discovery services, expert witnesses, or individuals retained by a Party to perform analysis, document production, document review, investigative work, and their respective staff having a need to know such information or have access to such Confidential Information to perform their duties, provided, however, that in the event a Party's direct competitor or a representative or affiliate of a Party's direct competitor is hired as an expert witness, such Party may seek by agreement or Court Order more protections with regards to documents disclosed to such expert;

e. Court reporters who report a deposition or other testimony, statement, or argument in connection with this action;

f. The Magistrate Judge, the District Court Judge, and their court personnel;

g. Mediators, arbitrators, and their personnel;

h. Such other persons as hereafter may be designated by written stipulation of the Parties or by order of the Court but only to the extent necessary to fulfill the responsibilities assigned to such persons.

5. All persons in 4. a., b, c, d, and h above to whom Confidential Information is disclosed shall be made familiar with the terms of this Agreement, comply with this Agreement, and be bound by the terms of this Agreement. Each consultant, ESI discovery service, or expert retained by any Party, either as a consulting expert or testifying expert, shall execute an acknowledgement in the form attached hereto or the equivalent indicating that such person has read this Agreement and agrees to be bound by all of its terms and conditions. Counsel obtaining the signature of any such persons shall act as the custodian of the acknowledgement.

6. <u>Use of Confidential Information</u>.   All Confidential Information shall be used solely for the prosecution or defense of the claims in this action or any related action.  If any Party wishes to file any Confidential Material with the Court or introduce Confidential Material at trial, said party must give the other party advance notice in writing as far in advance as possible and no less than ten (10) business days prior to such date.  After such notice, the Party noticed shall have the burden of showing in writing to the Court that there is good cause to treat the Confidential Information as confidential pursuant to FRCP Rule 26(c) and relevant case law.   If the Court determines good cause exists, any such Confidential Material shall be filed under seal or redacted in accordance with the Southern District of New York's cm/ECF User's Guide.  Nothing herein shall preclude the use, offering, introduction into evidence, preparation of witnesses, or discussion of any of the Confidential Information at or for the purposes of preparing for any hearing, mediation, arbitration, trial or appellate court proceeding in connection with this action or any related action, subject to any additional orders the Court may make at that time to protect the confidentiality of the information and documents.

7. <u>HIPAA Qualified Protective Order</u>.  All protected health information (including copies of same) disclosed by a covered entity under HIPAA during the course of this lawsuit, including, but not limited to, HHAeXchange reports and duty sheets containing protected health information about clients and the services performed on their behalf, must be returned to such covered entity or destroyed at the end of this lawsuit.  This Agreement constitutes a HIPAA Qualified Protective Order under 45 C.F.R. § 164.512(e), in that it: "(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and (B) Requires the return to the covered

9

entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding."

8. <u>Objections to Designation</u>.   Whenever a Party objects to the designation of any discovery material as Confidential Information or wishes to disclose such discovery material beyond the terms of this Agreement, that Party (the "Objecting Party") shall provide the other Party with written notice of its objection or proposed disclosure.  If the Party who produced the discovery material (the "Producing Party") informs the Objecting Party in writing within seven (7) calendar days of receiving such written notice that it does not agree with the objection or proposed disclosure, the Objecting Party may thereafter move the Court for a ruling that the material should not be designated as Confidential Material, and such disputed materials will remain confidential until the Court's ruling or the Parties otherwise reach agreement.  If the Producing Party fails to respond in writing within seven (7) calendar days of receiving such written notice from the Objecting Party, the discovery material will be deemed not confidential. Plaintiff Louise Reid by this agreement does not agree that all Confidential Information contained in the definition of Confidential Information is confidential information and reserves the right to challenge any designation of confidential information by a producing party.

9. <u>Other Objections</u>.   Nothing in this Agreement shall preclude a Party from objecting to the production in this action of any confidential or proprietary documents on any other basis recognized under applicable rules of procedure or evidence.

10. <u>Miscellaneous</u>.   This Agreement shall apply to all Confidential Information whether produced before or after the effective date of this Agreement.

11. Notwithstanding anything contained in this Agreement to the contrary except for compliance with applicable HIPAA regulations, a Party is not prohibited from disseminating and/or disclosing its own Confidential Information.

12. If Confidential Material is disclosed to any person other than one entitled to disclosure under this Agreement by those persons set forth above, the Party or counsel responsible for the disclosure shall promptly upon learning of such disclosure inform counsel for the parties of the pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person.

13. The inadvertent production or disclosure during discovery of a document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party in this or any subsequent state or federal proceeding. If any Party becomes aware of the production of Protected Material by any Party, the Party shall provide written notice of such production. Within ten (10) business days of receipt of notice by any Party that Protected Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Protected Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, shall return or destroy all hardcopies and delete such material from any medium, unless the protected nature of the Protected Material is disputed. In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Protected Material, which shall then be segregated, or, if requested, destroyed, unless the protected nature of the production is disputed. If the recipient disputes the protected nature of the Protected Material, then the recipient shall so notify the Producing Party in

writing at within ten (10) business days of receipt of notice by the Producing Party that Protected Material was produced or disclosed, or within a reasonable time thereafter. If the dispute cannot be resolved after conferring in good faith with the Producing Party, the recipient may promptly file a motion with the Court to compel production of such documents, information, and materials, attaching the information at issue, under seal. The Producing Party shall have the burden of demonstrating the protected nature of the Protected Material. The Parties must retain the Protected Material until the claim is resolved. If the protected nature of the Protected Material is upheld, the receiving Party shall return or destroy all hardcopies of Protected Material, delete such material from any medium, and destroy portions of all notes or other work product that summarize, discuss, or quote the contents of the Protected Material. The parties intend that this provision provides all the protections afforded by Federal Rule of Evidence 502.

14. This Agreement contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not consistent with this Agreement.

15. The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Agreement. The fact that a Party entered into this Agreement may not be raised as a defense to or argument against any such motion.

16. The Parties agree to submit the Agreed Confidentiality Order, this Agreement, and the accompanying Affidavit to be "so ordered" by the Court and agree to be bound by its terms prior to and subsequent to entry. Notwithstanding same, this Agreement is made effective upon the last date it is signed.

17. This Agreement shall survive the final disposition of the above-referenced litigation, and anything designated as or considered to be Confidential Information herein shall be returned or destroyed to the Party that originally produced them within forty-five (45) days of the lawsuit's final disposition. If the Requesting Party destroys the Confidential Information, it shall confirm such destruction in writing to counsel for the party who disclosed such Confidential Material. Final disposition means after the entry of a final order in this case and after this case is no longer subject to appeal pursuant to the Federal Rules of Appellate Procedure.

AGREED:

Dated: August 22, 2023

Law Offices of Law Office of William. Coudert Rand

By: _____
William C. Rand, Esq.
*Attorneys for Plaintiff*
501 Fifth Avenue, 15th Floor
New York, NY 10017
Telephone: (212) 286-1425
Fax: (646) 688-3078
Email: wcrand@wcrand.com

Dated: August 22, 2023

Naness, Chaiet & Naness, LLC

By: _____
W. Matthew Groh, Esq.
*Attorneys for Defendants*
375 North Broadway, Suite 202
Jericho, New York 11753
Telephone: (516) 827-4300
Fax: (516) 827-0202
Email: matt@ncnlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOUISE REID, Individually and on Behalf of
All Other Persons Similarly Situated,

                                          Plaintiff,

v.

A-PLUS CARE HHC INC., SOFIA
BAKALINSKY, FREDERICK BAKALINSKY,
SPIROS BOTOS and John Does #1-10,

                                        Defendants.

Case No.: 23 Civ. 01163 (JPC)(SDA)

## ACKNOWLEDGEMENT

      I have read the Confidentiality Agreement entered into in this matter, agree to comply with its terms, and agree to be bound by all of its terms and conditions. I have also been informed by counsel that certain documents or information to be disclosed to me in connection with my work in this matter have been designated as confidential. I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents or information to any other person. I further agree not to use any such information for any purpose other than this litigation.

Name: _____ Dated: _____

Signed in the presence of:

_____(Attorney)