```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/28/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Louise Reid, individually and on behalf of all other persons similarly situated,

                     Plaintiff,

-against-

A-Plus Care HHC Inc., et al.

                     Defendants.

1:23-cv-01163 (JPC) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion filed by Defendants for an extension of the July 1, 2024 fact discovery deadline. (Defs.' 6/28/24 Ltr. Mot., ECF No. 37.)[1] For the reasons set forth below, the Letter Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On February 10, 2023, Plaintiff Louise Reid ("Plaintiff") filed this wage-and-hour action against Defendants A-Plus Care HHC Inc., Frederick Bakalinsky, Sofia Bakalinsky and Spiros Botos (collectively, the "Defendants"), alleging claims under the Fair Labor Standards Act and the New York Labor Law, among other claims. (Compl., ECF No. 1. ¶¶ 80-129.) Following four extensions of their time to respond, on April 25, 2023, Defendants filed their Answer. (Answer, ECF No. 12.)

On May 3, 2023, this action was referred to the undersigned for general pretrial purposes. (Order of Ref., ECF No. 13.) On June 5, 2023, a proposed Case Management Plan, executed by counsel for Plaintiff and Defendants, was filed in which the parties jointly proposed that fact

---

[1] The motion is entitled "MUTUAL MOTION FOR EXTENSION OF DISCOVERY DEADLINE." (*See* 6/28/24 Ltr. Mot.)

discovery be completed by February 28, 2024. (Proposed Case Mgt. Plan, ECF No. 15, ¶ 5(a).) On June 8, 2023, following a telephone conference with the parties, the Court entered the Case Management Plan in this action, adopting the parties' February 28, 2024 fact discovery deadline. (Case Mgt. Plan, ECF No. 16, ¶ 5(a).)

On August 4 and 7, 2023, the parties filed a joint letter, as required (*see* Endorsement on ECF No. 16), regarding the status of discovery stating, among other things, that "[t]he Parties do not have any discovery issues at this time." (8/4/23 Joint Ltr., ECF No. 18, at 2; 8/7/23 Joint Ltr., ECF No. 20.)[2] On November 2, 2023, the parties belatedly filed two joint letters regarding the status of discovery stating, among other things, that "[t]he Parties do not have any discovery issues at this time." (1st 11/2/23 Joint Ltr., ECF No. 23, at 2; 2nd 11/2/23 Joint Ltr., ECF No. 24, at 2.)[3]

On November 3, 2023, the Court entered an Order requiring that the parties filed on January 17, 2024 another joint letter regarding the status of discovery. (11/3/23 Mem. End., ECF No. 25.) On January 17, 2024, the parties filed a joint letter regarding the status of discovery,[4] in which they "request a 6 month extension of the current deposition and discovery deadline of February 28, 2024 to August 28, 2024." (1/7/24 Joint Ltr. at 3.) On January 18, 2024, the Court denied the request for a six-month extension of the discovery deadline, and scheduled a

---

[2] The August 4 and 7, 2023, letters are identical in content. The August 4 letter erroneously was addressed to District Judge Cronan since this action had been referred to the undersigned for general pretrial purposes. The August 7 letter was addressed to the undersigned.

[3] The two joint letters filed on November 2, 2023 are identical in content. The first letter was erroneously addressed to District Judge Cronan. Both letters were filed late, since the Court's Order required that a discovery status letter be filed by October 31, 2023. (*See* 8/5/23 Order, ECF No. 19.)

[4] The January 17, 2024 letter erroneously was addressed to District Judge Cronan. (*See* 1/7/24 Joint Ltr., ECF No. 26.)

telephone conference for January 22, 2024, to address, among other things, a modest extension of the discovery deadline. (1/18/24 Text Only Orders, ECF Nos. 27 and 28.)

Following a telephone conference with the parties, on January 22, 2024, the Court entered an Order requiring Defendants to produce certain information and to file a letter on February 15, 2024 proposing a date for Defendants to begin a rolling production of certain documents, and stating:

> The deadline for the completion of fact discovery is extended until May 28, 2024. Further extensions may be granted based upon the information provided by Defendants in their February 15, 2024 letter and for good cause shown.

(1/22/24 Order, ECF No. 29, ¶ 4.) On February 15, 2024, Defendants filed a letter stating that they would begin a rolling production of the required documents by February 22, 2024. (Defs.' 2/15/2024 Ltr., ECF No. 32.) On February 16, 2024, the Court entered an Order requiring that the parties file a joint letter regarding the status of discovery on April 1, 2024, and reminding the parties that the deadline for the completion of fact discovery was May 28, 2024. (2/16/24 Mem. End., ECF No. 33.)

On April 1, 2024, Defendants filed a letter (with the consent of Plaintiff) regarding the status of discovery and explaining that a cyberattack had occurred on Change Healthcare (a clearinghouse for medical claims) which interfered with Defendants' ability to produce documents. (*See* Defs.' 4/1/24 Ltr., ECF No. 34.) On May 22, 2024, Defendants filed a letter (with the consent of Plaintiff) providing an update regarding the status of discovery and requesting a one-month extension of the fact discovery deadline from May 28, 2024 to July 1, 2024. (Defs.' 5/22/24 Ltr., ECF No. 35.) On May 23, 2024, the Court granted the requested extension, stating:

3

"No further extensions shall be granted absent good cause shown and then only for limited purposes." (5/23/24 Mem. End., ECF No. 36.)

On June 27, 2024, Defendants filed the Letter Motion now before the Court, in which they and the Plaintiff jointly request that the discovery deadline be "adjourned" indefinitely until "after settlement discussions end." (*See* Defs.' 6/28/24 Ltr. Mot.)

## **LEGAL STANDARDS**

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that "[a] schedule [contained in a scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, to extend discovery deadlines contained in scheduling orders, the "good cause requirement" is "mandatory." *In re Adelphia Commc'ns. Corp.*, 452 B.R. 484, 497 (Bankr. S.D.N.Y. 2011) (quotation omitted). Further, "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

The Court has "wide discretion" to direct the discovery process, *see In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), including the setting and enforcement of discovery deadlines. *See Softel, Inc. v. Dragon Med. and Scientific Comms., Inc.*, No. 87-CV-00167 (JMC), 1990 WL 164859, at 4 (S.D.N.Y. Oct. 24, 1990) ("To encourage compliance and achieve the just and efficient administration of justice, discovery deadlines must be strictly enforced."); *see also Update Art, Inc., v. Modiin Publishing, Ltd.*, 843 F .2d 67, 73 (2d Cir. 1988) ("[W]e wish to emphasize the importance we place on a party's compliance with discovery orders. Such compliance is necessary to the integrity of our judicial process. A party who flouts such orders does so at his own peril.")

4

**ANALYSIS**

The Court denies the parties' joint request for an indefinite extension of the discovery deadline. As an initial matter, the parties have not established good cause for an extension of the current deadline of July 1, 2024. The existence of settlement discussions does not constitute good cause for a discovery extension. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) ("it is well-settled that the existence of settlement talks or the potential for alternative dispute resolution is not, standing alone, sufficient to establish good cause for an extension of the case management deadlines" (citing cases)); *see also Arnold v. Krause, Inc.*, 232 F.R.D. 58, 65 (W.D.N.Y. 2004) ("The possibility of settlement is ever present in virtually all civil cases." (citation omitted)), *aff'd and adopted*, 233 F.R.D. 126 (W.D.N.Y. 2005). In addition, neither party has made a demonstration that they have exercised diligence in the discovery process.

Notwithstanding the foregoing, the Court hereby exercises its discretion to grant a third and final extension of the fact discovery deadline until August 16, 2024. Any discovery after that date will not be conducted under the auspices of the Court. *See Waring v. Geodis Logistics LLC*, No. 19-CV-04415 (GW) (KLS), 2020 WL 8509665, at *7 (C.D. Cal. Dec. 24, 2020) ("while the parties certainly may agree, without court approval, to conduct discovery after the court-imposed deadlines, if they do so and disputes arise, this Court lacks jurisdiction to resolve such disputes").

## **CONCLUSION**

By reason of the foregoing, Defendants' Letter Motion (ECF No. 37) is GRANTED IN PART and DENIED IN PART. Fact discovery shall conclude on August 16, 2024.

**SO ORDERED.**

Dated:    New York, New York
          June 28, 2024

_____
STEWART D. AARON
United States Magistrate Judge