# NANESS, CHAIET & NANESS,
Attorneys at Law
375 North Broadway, Suite 208
Jericho, New York  11753
Telephone: (516) 827-4300
Facsimile: (516) 827-0202

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/2024
```

Richard M. Naness (1997-2018)
Clifford P. Chaiet
Jeffrey N. Naness*
W. Matthew Groh **

*Also Admitted FL and NJ
** Also Admitted CT

August 14, 2024

**Via ECF**

Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(212) 805-0274
Courtroom 11C

> Application GRANTED. The parties' proposed briefing schedule is approved. The parties are directed to appear for a telephone conference on Wednesday, August 21, 2024 at 11:00 a.m. At the scheduled time, the parties shall each separately call (888) 278-0296 (or (214) 765-0479) and enter access code 6489745. SO ORDERED.
> Dated: August 15, 2024
> *[signature]*

Re:   Louise Reid v. A-Plus Care HHC Inc. et al
      Index No: 1: 23-cv-01163 (JPC)(SDA)

Dear Judge Aaron:

  This firm represents the Defendants in the above referenced putative class and collective action alleging FLSA and NYLL wage and hour claims.  We write this letter jointly with Plaintiff's counsel to request approval of the following schedule for Plaintiff's motion for class and collective certification:  Motion to be filed by September 15, 2024, Opposition by October 15, 2024 and Reply by October 30, 2024.  Depending on the decision on said Motion, further discovery may be necessary after the motion for class and/or collective certification is decided, including but not limited to the deposition of Plaintiff and Defendants.

  The parties have completed document discovery regarding Plaintiff's individual claims, which discovery has been Bates numbered Defendants00001 to Defendants01215.  Defendants have also produced 7,017 pages of documents for 70 sample plaintiffs. Each page has a Bates number "STTLMNT" followed by the Bates number, and each page contains a stamp "For Settlement Purposes Only."  It is Plaintiff's position that she should be able to use said documents in support Plaintiff's motion for class and/or collective certification and cites the case, *Ni v. HSBC Bank USA, NA*, 2024 U.S. Dist. Lexis 35241 (S.D.N.Y. Feb 29, 2024) (granting motion to compel discovery regarding sample of 93 bankers equal to 15% of the putative class prior to Plaintiff's motion for class certification), but Defendants take the position the documents can be used only for settlement purposes. In <u>Ni v. HSBC Bank USA, NA</u>, 2024 U.S. Dist. Lexis 35241 (S.D.N.Y. February 29, 2024), the subject information was not marked "For Settlement

# NANESS, CHAIET & NANESS, LLC

Purposes Only." In the instant case the documents were produced for settlement purposes and stamped "For Settlement Purposes Only". Thus, Ni v. HSBC Bank is distinguishable from the instant case. Accordingly, the parties request a court conference to discuss this issue to hopefully avoid motion practice.

Plaintiff and Defendants are currently making offers and counter offers regarding a class settlement and have also discussed a potential stipulated class and/or collective. The settlement discussions were delayed by the lengthy time required by Defendants to get some of the voluminous data relevant to the discussions. The parties are hopeful they will be able to reach an agreement which will settle the class/collective issue or the entire case and thereby avoid the risk, time and expense of a motion for class/collective certification.

We thank your Honor for your courtesies.

Respectfully,

/s/W. Matthew Groh
W. Matthew Groh
*Attorney for Defendants*

/s/William C. Rand
William C. Rand
*Attorney for Plaintiff*