UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
LOUISE REID, *Individually and on Behalf of All Others* :
*Similarly Situated*, :
:
:
Plaintiff, :
:
-v-                                              :         23 Civ. 1163 (JPC) (SDA)
:
A-PLUS CARE HHC INC., *et al.*,                  :         ORDER ADOPTING REPORT
:         AND RECOMMENDATION
Defendants.                   :         AND OVERRULING
:         DEFENDANTS' OBJECTIONS
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Louise Reid, a former home health aide, brings this action against past employer, A-Plus Care HHC Inc., and three of its executives, alleging wage-and-hour claims under federal and state law. Pending are Plaintiff's motions for certification of a collective action under the Fair Labor Standards Act ("FLSA")[1] and for class certification of her New York Labor Law ("NYLL") claims under Federal Rule of Civil Procedure 23. On November 27, 2024, the Honorable Stewart D. Aaron, to whom this case has been referred for general supervision of pretrial proceedings and to issue a report and recommendation on Plaintiff's class certification motion, ordered that notice be sent to the proposed FLSA collective, with a restricted timeframe, and recommended denial of class certification. Defendants have objected to the order to send notice, while Plaintiff has objected to the recommended denial of class certification. For reasons that follow, the Court overrules both Defendants' and Plaintiff's objections and adopts Judge Aaron's recommendation to deny class certification in its entirety.

---

[1] "[W]hile courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' . . . is only the district court's exercise of the discretionary power . . . to facilitate the sending of notice to potential class members." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010).

## I. Background

The facts and procedural history of this action are summarized in Judge Aaron's Report and Recommendation and Order. Dkt. 64 ("R&R") at 2-3. On February 10, 2023, Plaintiff commenced this action against A-Plus Care HHC Inc., its Co-Chief Executive Officers Sofia Bakalinsky and Frederick Bakalinsky, and its Director of Operations Spiros Botos. Dkt. 1 ¶¶ 7-12, 31. Plaintiff claims that she and other home health aides employed by Defendants "worked numerous 24-hour shifts for which they were illegally paid for only 13 of the 24 hours worked, as they did not get 3 one hour meal breaks during each shift and did not get 8 hours of aggregate sleep during each shift and/or 5 hours of uninterrupted sleep." *Id.* ¶ 1. This, she claims, violated various provisions of federal and state law that govern the payment of minimum wage, overtime, and spread-of-hours, including requirements concerning sleep and meal breaks.

On September 15, 2024, Plaintiff moved for certification of a collective action under FLSA and for class certification of her NYLL claims under Federal Rule of Civil Procedure 23. Dkts. 42 (notice of motion), 43 ("Reid Decl."), 44, 45 ("Rand Decl."), 46 ("Motion"), 47 (Rand declaration refiled with a correction), 48 (notice of motion refiled with a correction). *See Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 510 (2d Cir. 2020) ("Because FLSA and state law claims usually revolve around the same set of facts, plaintiffs frequently bring both types of claims together in a single action using the procedural mechanisms available under 29 U.S.C. § 216(b) to pursue the FLSA claims as a collective action and under Rule 23 to pursue the state law claims as a class action under the district court's supplemental jurisdiction." (citation modified)). Defendants opposed Plaintiff's motions on October 24 and 25, 2024, Dkts. 51-52, 53 ("Opposition"), and Plaintiff replied on November 8 and 9, 2024, Dkts. 55-57, 58 ("Reply"), 59-61.

In his Report and Recommendation and Order, Judge Aaron first granted Plaintiff's motion

2

to send notice of a FLSA collective, finding that Plaintiff had made a modest factual showing that she and potential opt-in plaintiffs were victims of a common policy or plan that violated the law. R&R at 10-12.  Judge Aaron also approved the form and content of the proposed notice, subject to reducing the notice period to three years assuming the undersigned adopts his recommendation to deny class certification.  *Id.* at 12-15.  Judge Aaron further ordered Defendants to produce discovery of potential plaintiffs and directed posting of the notice conspicuously in the workplace. *Id.* at 15-16.  Judge Aaron next recommended denial of Plaintiff's motion for class certification of her NYLL claims.  *Id.* at 16-30.  While Judge Aaron determined that Rule 23(a)'s requirements have been met, *id.* at 17-22, he concluded that Plaintiff had not satisfied the predominance or superiority requirements of Rule 23(b)(3), the provision under which Plaintiff seeks class certification, *id.* at 22-30.

On December 11, 2024, Plaintiff and Defendants filed objections to Judge Aaron's Report and Recommendation and Order.  Dkt. 65 ("Deft. Obj."); Dkt. 66 ("Pl. Obj.").  The parties then filed oppositions to each other's objections.  Dkts. 68, 72.

## II.  Legal Standards

Under 28 U.S.C. § 636(b)(1)(A), a district judge may "designate a magistrate judge to hear and determine any [non-dispositive] pretrial matter," save for certain specifically enumerated exceptions.  Magistrate judges have "broad discretion in resolving non-dispositive disputes." *Marotte v. City of New York*, No. 16 Civ. 8953 (GHW), 2017 WL 11105223, at *1 (S.D.N.Y. Oct. 6, 2017) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 72(a), a party may file objections to a non-dispositive order made by a magistrate judge, and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "A magistrate [judge]'s ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure,

3

and is clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been committed." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC) (JW), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (alteration in original) (quoting *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013)). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).

With respect to dispositive matters, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). "[W]hen the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 601 (S.D.N.Y. 2018).

### III. Discussion

#### A. Defendants' Objection to Judge Aaron's Order to Send Notice of the Proposed FLSA Collective Is Overruled

##### 1. FLSA's Collective Certification Process

Section 216(b) of FLSA provides that "employees seeking to recover under FLSA's substantive provisions may assert claims on behalf of other 'similarly situated' employees." *Myers*, 624 F.3d at 542. The Second Circuit uses "a two-step process for certifying FLSA

4

collective actions. At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law. At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citation omitted).

"One of the principal conditions to proceeding collectively under § 216(b) is that the named plaintiffs be 'similarly situated' to the opt-in 'party plaintiff[s].'" *Scott*, 954 F.3d at 515 (alteration in original) (quoting 29 U.S.C. § 216(b)). "[T]he FLSA's 'similarly situated' requirement is independent of, and unrelated to Rule 23's requirements," and satisfying this requirement is distinct "from the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 518 (citation modified); *see also infra* III.B.1. "A determination of whether plaintiffs are 'similarly situated' requires a court to ask 'whether they share one or more similar questions of law or fact material to the disposition of their FLSA claims.'" *Charles v. Pinnacle Too, LLC*, No. 22 Civ. 4232 (DEH) (JW), 2024 WL 4491560, at *12 (S.D.N.Y. Oct. 15, 2024) (quoting *Scott*, 954 F.3d at 521). "Although only a 'modest' factual showing is required, a plaintiff's burden 'cannot be satisfied simply by unsupported assertions.'" *Orbetta v. Dairyland USA Corp.*, No. 20 Civ. 9000 (JPC), 2024 WL 3385640, at *3 (S.D.N.Y. July 12, 2024) (quoting *Myers*, 624 F.3d at 555).

Additionally, some judges in this Circuit have applied what is a called "a 'modest plus standard' when a conditional certification motion is made after some discovery has occurred," which entails the court "look[ing] beyond the pleadings and affidavits submitted by Plaintiffs and . . . consider[ing] the evidence submitted by both parties, albeit with an understanding that the body of evidence is necessarily incomplete." *Id.* (citation modified). This modest-plus standard

has been characterized as "the exception rather than the rule," with some courts holding "that a heightened standard is not appropriate during the first stage of the conditional certification process and should only be applied once the entirety of discovery has been completed." *Franze v. Bimbo Foods Bakeries Distrib., LLC*, No. 17 Civ. 3556 (NSR), 2019 WL 1417125, at *3 (S.D.N.Y. Mar. 29, 2019) (citation modified) (collecting cases).

### 2. Judge Aaron's Order Permitting Notice to the Proposed Collective

Plaintiff's proposed notice identifies the collective as "consisting of home health aides who were employed by Defendants at any time during the period February 10, 2017 through [the date of certification] (the 'Collective Action Period'), and who worked at least one 24-hour shift during the period for which they were not paid time minimum wages for all hours worked and/or one and one half times their regular wage rate for their hours worked over 40 in a week ('overtime hours') assuming they were entitled to 24 hours of pay for their 24-hour live in shifts." Rand Decl., Exh. I at 5. In his Report and Recommendation and Order, Judge Aaron granted Plaintiff's motion to "certify" the collective by authorizing notice to the proposed collective, but reduced the notice period to three years assuming the undersigned adopts the recommendation to deny class certification for the NYLL violations. R&R at 10-15.

In reaching this result, Judge Aaron first reviewed evidence presented by Plaintiff to support FLSA certification, including her declaration stating that "other home health aides were subject to the same rules and policies and also were not paid for more than 13 hours per 24-hour shift, even when they did not get sleep or meal breaks," a declaration from another home health aide echoing Plaintiff's claims, and payroll records showing that other employees were not paid for more than 13 hours per 24-hour shift. *Id.* at 10. As Judge Aaron noted, Defendants conceded that similarly situated potential plaintiffs exist. Opposition at 6 ("Defendants concede that the named Plaintiff has demonstrated that she is 'similarly situated' to the other potential plaintiffs.");

*see* R&R at 10. Defendants, however, disputed the existence of a sufficient factual nexus among potential plaintiffs, relying on their challenge to Plaintiff's allegation that they "adopted and adhered to a policy to pay for only 13 hours of aides' 24-hour shifts." Opposition at 6. Judge Aaron rejected that argument, explaining that such a factual dispute is not appropriate for resolution at the conditional certification stage. R&R at 10-11. While Judge Aaron concluded that Plaintiff thus "has made a 'modest factual showing that she and other potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law,'" *id.* at 12 (quoting *Myers*, 624 F.3d at 555), Judge Aaron further noted that "[g]iven the evidence in the record and Defendants' concession that Plaintiff and potential opt-in plaintiffs are similarly situated, the Court would reach the same conclusion under the modest-plus standard," *id.* at 12 n.9.

As to the form and content of Plaintiff's proposed notice, Judge Aaron determined that the notice should be limited to a three-year period, rather than the six-year period proposed by Plaintiff, assuming the undersigned adopts his recommendation to deny Rule 23 certification of the NYLL class. *Id.* at 12-15. He thus directed the parties to submit a revised proposed notice after meeting and conferring on the matter. *Id.* at 14-15. Judge Aaron additionally ordered Defendants to produce contact information for "all potential collective members from February 10, 2020 to the present," *id.* at 15, and to post any court-approved revised notice "on employee bulletin boards and/or in other common areas," *id.* at 16.

### 3. Defendants' Objection

Defendants' lone objection contends that Judge Aaron "erred in not applying a 'modest plus standard' which," Defendants insist, "is the appropriate standard to apply after some discovery has occurred." Deft. Obj. at 1. Defendants argue that because the parties have exchanged discovery, "the 'modest plus' standard should have been applied" in resolving Plaintiff's FLSA collective certification motion. *Id.* at 2.

As an initial matter, Defendants present their objection as one to Judge Aaron's Report and Recommendation. *Id.* at 1. Yet, Judge Aaron's authorization of notice to the proposed FLSA collective was not a Report and Recommendation, but rather a non-dispositive Order. *See* R&R at 6 ("[T]he Court herein is issuing an Order with respect to the FLSA collective aspect of the pending motion, and not a Report and Recommendation."). This is because conditional certification is only the first step in the Second Circuit's two-step process for certification of a FLSA collective. *See Glatt*, 811 F.3d at 540. Accordingly, "[t]he only decision the motion presents is whether the members of a proposed class are similarly situated enough to permit the discovery of their names and addresses by [Plaintiff] and the sending of a notice alerting them of their right to opt in to the class pursuant to 29 U.S.C. § 216(b)." *Patton v. Thompson Corp.*, 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005). Such a determination "is a non-dispositive matter of the sort typically referred to magistrate judges," and therefore does not require the issuance of a Report and Recommendation. *Id.* (collecting cases).

Defendants' objection thus is properly evaluated under Rule 72(a), which, as noted, provides that when a party objects to a magistrate judge's non-dispositive order, the district court may only "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Defendants have failed to show that Judge Aaron's Order was clearly erroneous or contrary to the law, for multiple reasons. First, as explained at *supra* III.A.1, there is a divide among courts in this Circuit regarding whether the application of the modest-plus standard is appropriate in FLSA actions. *Compare Orbetta*, 2024 WL 3385640, at *3, *with Franze*, 2019 WL 1417125, at *3. Given that split in authority, and even assuming sufficient discovery occurred to trigger the modest-plus approach, Judge Aaron's grant of conditional certification upon Plaintiff's "modest factual showing," R&R at 12, was not clearly erroneous or contrary to law, as it reflects one of two approaches that jurists in this Circuit adopt. Moreover, Judge Aaron made

8

clear that he "would reach the same conclusion under the modest-plus standard." *Id.* at 12 n.9.

It also is important to remember that the modest-plus standard is a framework for determining whether other similarly situated potential plaintiffs exist. *See Orbetta*, 2024 WL 3385640, at *3. In their briefing before Judge Aaron, "Defendants concede[d] that the named Plaintiff has demonstrated that she is 'similarly situated' to the other potential plaintiffs." Opposition at 6. Defendants' concession on the similarly-situated issue renders moot any challenge to the appropriate standard employed to resolve that issue.

Accordingly, Defendants' objection to Judge Aaron's Order to send notice to the proposed collective is overruled.

### B. Judge Aaron's Recommendation to Deny Class Certification for the NYLL Claims Is Adopted

#### 1. Overview of Rule 23's Class Certification Process

Federal Rule of Civil Procedure 23 governs class certification. "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." *Myers*, 624 F.3d at 547. First, the moving party must satisfy the four requirements identified in Rule 23(a): (1) the class must be "so numerous that joinder of all members is impracticable"; (2) there must be common "questions of law or fact" to the class; (3) the representative party's claims must be "typical of the claims or defenses of the class"; and (4) the representative party must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Second, the moving party must also show that the action falls within one of the three types of class actions identified in Rule 23(b). Here, Plaintiff's motion seeks certification as a class action pursuant to Rule 23(b)(3), Motion at 18-21, under which a class may be certified where "the court finds that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). In other words, "[t]he predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation modified).

Accordingly, to merit class certification based on Rule 23(b)(3), Plaintiff "must first establish numerosity, commonality, typicality, and adequacy of representation, and then predominance of common questions of law or fact and the superiority of a class action over other procedures." *Scott*, 954 F.3d at 512. "Failure to prove any element of Rule 23 precludes certification." *Heredia v. Americare, Inc.*, No. 17 Civ. 6219 (WHP), 2018 WL 2332068, at *3 (S.D.N.Y. May 23, 2018) (citation modified).

### 2. Judge Aaron's Report and Recommendation

Plaintiff seeks Rule 23 certification of a class consisting of "all current and former employees of Defendants (a) who are or were formerly employed by Defendants as home health aides at any time since February 10, 2017 to the entry of judgment in this case (the 'Class Action Period'), (b) who worked at least on 24-hour live in shift for which they were not paid for the full 24 hours worked." Rand Decl., Exh. I at 2. While Judge Aaron found each of the Rule 23(a) requirements satisfied, R&R at 16-22, he recommended denial of class certification because Plaintiff has failed to establish predominance and superiority under Rule 23(b)(3), *id.* at 22-30.

Beginning with Plaintiff's minimum wage claims under the NYLL, Judge Aaron observed that "Plaintiff's theory of liability appears to be that Defendants' policy regarding identifying time

10

when aides did not receive proper meal and rests breaks was, at best, ineffective and that Defendants had a policy of paying no more than 13 hours for 24-hour live in shifts." *Id.* at 25. Judge Aaron thus explained that, "in order to establish liability, Plaintiff and putative class members must demonstrate that they were entitled to be paid for the entire 24-hour shift," which "depends on whether a home health aide received three one-hour meal breaks and at least five hours of uninterrupted sleep." *Id.*

In arguing predominance before Judge Aaron, Plaintiff pointed to her declaration discussing her own experiences as a home health aide, as well as duty sheets produced in discovery. Reid Decl. ¶¶ 13-15, 46-48; Rand Decl., Exh. B ("Duty Sheets"). But Judge Aaron explained that "the duty sheets do not indicate what work was actually done," as they show only "task identification numbers and tasks" but not "how often an aide performed these tasks, or when, during a 24-hour shift." R&R at 26; *see* Duty Sheets. Judge Aaron also discounted a particular duty sheet which Plaintiff offered in her reply to demonstrate that turning a patient must occur every two hours, *see* Dkt. 57, Exh. J, explaining that "[i]f anything, this duty sheet supports a finding that determining the tasks that aides performed during a particular shift . . . is a highly individualized inquiry that is not conducive to classwide resolution." R&R at 26. Judge Aaron similarly reasoned that Plaintiff's statements about her missed meal breaks, Reid Decl. ¶¶ 31, 51, indicate that whether an aide did or did not receive three one-hour meal breaks requires an individualized inquiry. R&R at 26. Ultimately, Judge Aaron concluded that "even if there is common evidence of Defendants' policy or lack of policy, individual evidence will be required for each class member to establish that they were entitled to be paid for more hours based upon the work that they performed during each 24-hour shift," and therefore Plaintiff has not shown predominance. *Id.* at 27.

Judge Aaron identified similar predominance problems with Plaintiff's overtime claim. *Id.*

11

at 28. Judge Aaron observed that, although Plaintiff averred she often worked more than forty hours per week and was not paid overtime, Reid Decl. ¶ 10, "none of the earnings statements she submitted showed that she worked more than 40 hours per week." R&R at 28 (citing Reid Decl., Exh. A ("Reid Earnings Statements")). Additionally, Judge Aaron found that Plaintiff had provided no evidence "that Defendants had a policy of not paying overtime for any hours over 40." *Id.* Noting that Plaintiff's "overtime claims also appear to depend entirely on Plaintiff's contention that she should have been paid for every hour of her 24-hour shifts," Judge Aaron concluded that "individual issues predominate with respect to Plaintiff's overtime claims for the same reasons as for her minimum wage claims." *Id.*

Judge Aaron next considered Plaintiff's spread-of-hours claim under the NYLL and her Wage Theft Prevention Act ("WTPA") claim. *Id.* at 29-30. Judge Aaron noted that "[t]he earnings statements submitted by Plaintiff indicate that she did receive at least some spread of hours wages." *Id.* at 29 (citing Reid Earnings Statements). Judge Aaron reasoned that, to the extent Plaintiff is seeking further spread-of-hours wages, such a "claim would be contingent on [Plaintiff's] argument that she was entitled to be paid for the full 24 hours of each shift," and therefore individual issues predominated as they do for the minimum wage and overtime claims. *Id.* Judge Aaron also found that Plaintiff's WTPA claim could not be certified because she did not allege "that Defendants had a common policy of non-compliance with respect to the required notices." *Id.* at 29-30.

Judge Aaron thus recommended that Plaintiff's motion for class certification be denied for failure to show predominance under Rule 23(b)(3). *Id.* at 30. Judge Aaron similarly concluded that Rule 23(b)(3)'s superiority requirement also was not satisfied, noting Plaintiff's failure to show predominance. *Id.*

### 3. Plaintiff's Objections

Plaintiff lodges two objections to Judge Aaron's recommendation that class certification be denied. First, Plaintiff objects to Judge Aaron's conclusion that she did not show predominance under Rule 23(b)(3). Pl. Obj. at 3-5. Second, Plaintiff objects to Judge Aaron's failure to consider whether the class should be certified under Rule 23(b)(1) or 23(b)(2) and argues for certification under either basis. *Id.* at 5-6.

Starting with the predominance objection, Plaintiff argues that "[t]here is a common issue of law as to whether aides who report not getting 5 hours of uninterrupted sleep are permitted to have 8 hours of sleep deducted from their 24-hour shifts. There is also a common issue of fact as to whether the aides received 5 hours of uninterrupted sleep which is resolved by their reporting the turning and diaper checking and/or changing every two hours. Thus, these common issues predominate." Pl. Obj. at 1-2. Plaintiff further maintains that "[t]here are no individual issues of fact because no health aides who performed 24-hour shifts were ever paid more than 13 hours for the shift. Defendants without any investigation always deducted 8 hours for sleep and 3 hours for breaks." *Id.* at 2.

Plaintiff, though, makes no meaningful effort to engage with Judge Aaron's analysis as to her failure to show predominance. For example, in her objection, Plaintiff points to the duty sheets attached to her class certification motion. *See* Pl. Obj. at 3 ("The duty sheet[s] . . . show that [the aides] turned patients and/or checked and/or changed diapers every two hours during their 24-hour shifts and therefore did not get 5 hours of uninterrupted sleep but still had 8 hours of sleep illegally deducted by Defendants from these 24-hour shifts."). But she offers no argument as to why Judge Aaron was wrong in observing that the duty sheets "do not indicate what work actually was done," as they simply show "task identification numbers and tasks . . . but do not show how often an aide performed these tasks, or when, during a 24-hour shift." R&R at 26.

13

From reviewing those duty sheets, the undersigned fully agrees with Judge Aaron's description of them. The duty sheets merely reflect an individual aide's assigned work responsibilities, but not whether that aide actually performed those tasks during any given shift. *See* Duty Sheets. Liability under the NYLL's wage-and-hour provisions turns on the number of hours an aide actually worked, not their assigned responsibilities. *See, e.g.*, *Cao v. Wedding in Paris, Inc.*, 727 F. Supp. 3d 239, 277 (E.D.N.Y. 2024) (observing that determining whether a minimum wage violation has occurred under the NYLL requires dividing the employee's salary by the number of hours actually worked); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 41 (E.D.N.Y. 2015) ("An employee bringing an action for unpaid minimum wages under the FLSA and the NYLL 'has the burden of proving that he performed work for which he was not properly compensated.'" (quoting *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011)).

Likewise, the duty sheet submitted by Plaintiff in her reply, Dkt. 61, does nothing to establish predominance. *See* Pl. Obj. at 4 (arguing that this duty sheet "shows that turning is required to be done every 2 hours"). As Judge Aaron explained, *see* R&R at 26, this duty sheet does not reflect that Plaintiff actually completed her assigned task of "turning and positioning (at least 02)," since none of the date boxes for that task are checked, *see* Dkt. 61. While Plaintiff argues that aides were "victims of a common scheme," Pl. Obj. at 4, the evidence in the record does not support a finding of liability on a class wide basis. Rather, for liability to be established, that evidence, including the duty sheets, earnings statements, and attendance records, would need to be bolstered by evidence as to the work actually performed by each aide.

Indeed, Plaintiff's reliance on the declarations that she and another aide prepared, *id.* at 3- 4, underscores why a determination of Defendants' wage-and-hour liability would require individual inquiries. To establish that a particular aide was not adequately compensated, that aide

14

would need to present evidence about the hours she actually worked and perhaps what occurred during that time.  The result would be dozens of mini-trials establishing liability, an issue which Rule 23(b)(3)'s predominance requirement is intended to screen out.  *See Tyson Foods*, 577 U.S. at 453.  As several courts considering similar claims have found, this problem precludes a finding or predominance and superiority for purposes of Rule 23(b)(3).  *See, e.g.*, *Downie v. Carelink, Inc.*, No. 16 Civ. 5868 (JPO), 2018 WL 3585282, at *10 (S.D.N.Y. July 26, 2018) ("Because an aide must be paid for the full 24 hours only if she does not receive appropriate meal and sleep breaks, individualized and not common questions predominate, and class action is not the superior method of adjudication." (citation modified)); *Carrasco v. Life Care Servs., Inc.*, No. 17 Civ. 5617 (KBF), 2017 WL 6403521, at *9 (S.D.N.Y. Dec. 15, 2017) ("[A]n employee should only be paid twenty-four hours if she, in fact, is not receiving the appropriate meal and sleep breaks.  As a result, individualized and not common questions predominate—and thus, class action is not the superior method of adjudication for the 24 Hour Claims.").

On this last point, Plaintiff argues that Judge Aaron erred in failing to consider other cases which have certified classes of health aides.  Pl. Obj. at 4-5.  Of course, the Rule 23(b)(3) inquiry is case-specific which examines whether this particular Plaintiff has carried her burden of establishing predominance.  *See Tyson Foods*, 577 U.S. at 453 (explaining that the Rule 23 inquiry "calls upon courts to give careful scrutiny to the relation between common and individual questions in a case").  But regardless, Plaintiff's cited cases are clearly inapposite.  In *Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338 (D. Conn. 2019), the court found predominance satisfied based on the unique theory of recovery there.  *Id.* at 353 (explaining that "plaintiffs only seek recovery for the statutory minimum number of hours they worked based on each shift as recorded in [the defendant-employer]'s own pay records," and therefore a determination of damages "may be based simply on mechanical calculations from the employer's own payroll records").  Indeed,

15

the court in *Kinkead* noted that the legal issues there would call for a procedure "distinct from conducting an evidentiary reconstruction from primary witness testimony about how many hours each class member worked," as would be the case here. *Id.* at 352. In *Atakhanova v. Home Family Care, Inc.*, No. 16 Civ. 6707 (KAM), 2020 WL 4207437 (E.D.N.Y. July 22, 2020), liability was not principally at issue because the defendants "acknowledge[d] that all employees in the proposed class were required to be paid the legal overtime rate when they worked overtime, and that the overtime rate was not paid correctly at least during the period from January 2015 through December 2016." *Id.* at *9. *Severino v. Avondale Care Group, LLC*, No. 21 Civ. 10720 (LGS) (SDA), 2022 WL 16555372 (S.D.N.Y. Oct. 29, 2022), and *Cruz v. Ultimate Care, Inc.*, No. 22 Civ. 7520 (AMD) (PK), 2024 WL 1342742 (E.D.N.Y. Mar. 29, 2024), concerned motions for FLSA certification rather than class certification. As explained at *supra* III.A.1, the requirements for certification of a FLSA collective are distinct "from the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Scott*, 954 F.3d at 518 (citation modified).

In sum, Judge Aaron committed no error in concluding that Plaintiff has failed to satisfy Rule 23(b)(3). Plaintiff's first objection is overruled.

Plaintiff's second objection is that Judge Aaron erred by not considering whether a class alternatively should be certified under Rule 23(b)(1) or Rule 23(b)(2). Pl. Obj. at 5-6. But Plaintiff never moved for class certification on either of these bases. *See* Motion at 18-21 (arguing for certification on the basis of Rule 23(b)(3)); Reply at 6 (same). Such an objection is improper and therefore is overruled. *See, e.g.*, *Gagliardi v. Prager Metis CPAs LLC*, 738 F. Supp. 3d 469, 475 (S.D.N.Y. 2024) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (citation omitted)).

16

Accordingly, the undersigned overrules Plaintiff's objections to the Report and Recommendation. The Court has also conducted a *de novo* review of the aspects of the Report and Recommendation to which no objections have been filed, and finds all of the Report and Recommendation to be well-reasoned and its conclusions to be well-founded.

## IV. Conclusion

The Court overrules Defendants' objections to Judge Aaron's Order authorizing the sending of notice of the FLSA collective, with a notice period of three years, and adopts in its entirety his recommendation that class certification of Plaintiff's NYLL claims be denied. The parties are reminded that, per Judge Aaron's Order regarding the conditional certification of a FLSA collective, "the parties shall meet and confer and Plaintiff file to the ECF docket a revised proposed notice limited to the FLSA collective no later than seven days" from the date of this Order. R&R at 14-15.

The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 42, 48, and 66.

SO ORDERED.

Dated: June 18, 2025
New York, New York

JOHN P. CRONAN
United States District Judge